**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JOSE FREDY CANTARERO-GOMEZ,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 2:26-cv-02181-RFB-NJK<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Jose Fredy Cantarero-Gomez's First Amended Petition for Writ of Habeas Corpus (ECF No. 7) [hereinafter, "Petition"]. Through his Petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants Mr. Cantarero-Gomez's Petition and finds that immediate release is the appropriate remedy.

## I. DISCUSSION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas

challenges to immigration detention . . . .”).

The Court makes the following findings of fact based on the Parties’ undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

Petitioner has set forth sufficient facts establishing membership in the Jacobo-Ramirez Class,[1] and Federal Respondents in their answer to the Petition, assert that, while Petitioner “may have been a class member at some point,” he is no longer, because he is “subject to 8 U.S.C. § 1231(a)(6).” See Fed. Resp’ts’ Opp’n to Am. Pet., ECF No. 8 at 2 (August 17, 2026) [hereinafter, “Opp’n”].

As Respondents acknowledge, 8 U.S.C. § 1231(a)(6) governs detention of noncitizens who are subject to orders of removal that are administratively final. See id. However, Petitioner does not have a final order of removal, as he currently has an appeal pending before the Board of Immigration Appeals. See 8 C.F.R. § 1241.1; Record of Case Appeal, ECF No. 9-1 at 1–4. All other facts regarding Petitioner’s class membership are uncontroverted. Therefore, the Court finds that, as a Class member, Petitioner—a noncitizen arrested in the interior of the country—is improperly detained under 8 U.S.C. § 1225(b)(2)(A). See Jacobo-Ramirez, 2026 WL 879799, at *4; see also Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424, at 3 (9th Cir. July 30, 2026) (“(“[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).”). Thus, Petitioner’s arrest and ongoing detention are unlawful under the INA, this Court’s declaratory judgment/vacatur, and the law of this circuit.

The Court further finds that, because Respondents detained Petitioner under § 1225(b)(2)(A), for the reasons articulated in this Court’s order in Rios-Rodriguez v. Blanche et

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, --- F. Supp. 3d ---, 2026 WL 879799, at *4 (D. Nev. Mar. 30, 2026).

al., No. 2:26-CV-02117-RFB-MDC, 2026 WL 2280924 (D. Nev. Aug. 7, 2026), which the Court incorporates by reference as if fully set forth herein, Respondents have unlawfully deprived Petitioner of the procedural protections afforded to noncitizens detained under 8 U.S.C. § 1226(a) and its implementing regulations. See Rios-Rodriguez, 2026 WL 2280924 at *3–9.

Thus, Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[2] See Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. See 28 U.S.C. § 2243 ("The court shall . . . dispose of the matter as law and justice require."). Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings); Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

## II. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition (ECF No. 7) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **August 29, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness

[2] Immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Rios-Rodriguez, 2026 WL 2280924 at *9–12.

of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, upon his release.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **September 1, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** August 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**